1  Ana P. Hallmon Esq. (SBN 253309)
   SALTZMAN & JOHNSON LAW CORPORATION
2  1141 Harbor Parkway, Suite 100
   Alameda, CA 94502
3  Telephone: (510) 906-4710
   Email: ahallmon@sjlawcorp.com
4

5  Attorneys for Plaintiffs, Operating Engineers' Health
   And Welfare Trust Fund for Northern California, et al.
6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | OPERATING ENGINEERS' HEALTH AND      | Case No.
   | WELFARE TRUST FUND FOR NORTHERN      |
12 | CALIFORNIA; DAN REDING and JAMES E.  | **COMPLAINT**
   | MURRAY, Trustees;                    |
13

14   PENSION TRUST FUND FOR OPERATING
     ENGINEERS; DAN REDING and JAMES E.
15   MURRAY, Trustees;

16   PENSIONED OPERATING ENGINEERS'
     HEALTH AND WELFARE TRUST FUND; DAN
17   REDING and JAMES E. MURRAY, Trustees;

18   OPERATING ENGINEERS AND PARTICIPATING
19   EMPLOYERS PRE-APPRENTICE, APPRENTICE
     AND JOURNEYMEN AFFIRMATIVE ACTION
20   TRAINING FUND; DAN REDING and JAMES E.
     MURRAY, Trustees;
21

22   OPERATING ENGINEERS LOCAL UNION NO. 3
     VACATION, HOLIDAY AND SICK PAY TRUST
23   FUND; DAN REDING and JAMES E. MURRAY,
     Trustees; and
24

25   OPERATING ENGINEERS LOCAL 3 HEAVY
     AND HIGHWAY TRUST FUND; and
26
     OPERATING ENGINEERS LOCAL 3 OF THE
27   INTERNATIONAL UNION OF OPERATING
     ENGINEERS, AFL-CIO,
28

                                    1
   **COMPLAINT**
   **Case No.**

Plaintiffs,

v.

SECURITY PAVING COMPANY INC., a California
Corporation;

Defendant.

Parties

1. The Operating Engineers' Health and Welfare Trust Fund (which includes the Assistance and Recovery Program, Inc.) ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan, and the Rehabilitation Fund) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund (which includes an Administration Fund) ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. The Operating Engineers Local 3 Heavy and Highway Trust is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Security Paving Company Inc., a California corporation, ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2).

//

//

2

COMPLAINT
Case No.

1

Jurisdiction

2      4.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of

3  ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and

4  the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief

5  to redress such violations, and seek all other appropriate relief under ERISA.

6      5.      Jurisdiction exists in this Court over all the claims by virtue of Labor Management

7  Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and

8  conditions of a valid collective bargaining agreement between Defendant and the Operating Engineers

9  Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"), a labor

10  organization as defined in § 2(5) of the NLRA, 29 U.S.C. § 152(5).

11      6.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,

12  supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

13  arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

14  herein, each of which is substantially grounded in federal jurisdiction.

15

Venue

16      7.      Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action

17  is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

18  discretion, in the district where the plan is administered, where the breach took place, or where a

19  defendant resides or may be found, and process may be served in any other district where a defendant

20  resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal

21  place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this

22  Court.

23      8.      Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

24  185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business

25  in this district, its duly authorized officers or agents are engaged in representing employee members in

26  this district, and the claims arise in this district.

27  //

28

3

**COMPLAINT**
**Case No.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Intradistrict Assignment

9.     The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

### Bargaining Agreements

10.     On November 15, 2012, Defendant Michael L. "Mike" Mattivi, on behalf of Security Paving Company Inc., in his capacity as Vice President and Assistant Secretary, signed the United Contractors, Labor Relations, Operating Engineers Local No. 3 – Northern California Bargaining Authority and Power of Attorney agreement, (the "Power of Attorney Agreement"). The Power of Attorney Agreement designated the United Contractors, Associated General Contractors of California, Inc., Industrial Contractors UMIC, Inc., and Northern Alliance of Engineering Contractors as the "sole and exclusive representative for the purpose of negotiating and executing the collective bargaining agreement and representation in labor relations matters." The Power of Attorney Agreement binds Defendant to the Master Agreement ("Master Agreement") between the Union and the United Contractors, Associated General Contractors of California, Inc., Industrial Contractors UMIC, Inc., and Northern Alliance of Engineering Contractors. Under the terms of the Master Agreement, an "Individual Employer" is one who has "authorized the Signatory Associations (Employer) to represent said Individual Employer with respect to collective bargaining with the Union." (Master Agreement 02.02.00). And an "Additional Individual Employer" is one who has no "existing labor dispute with the Union" and "may become an Individual Employer covered by this Agreement upon authorizing the Employer to represent said person or entity with respect to collective bargaining and labor relations with the Union." (Master Agreement 02.02.01). The Master Agreement "shall bind each and every Individual Employer as set forth in 02.02.00 who has authorized the Employer to represent it with the same force and effect as if the Agreement were entered into by each such Individual Employer." (Master Agreement 02.08.02). Individual Employers are bound by the General Provisions in regard to fringe benefits. (See Master Agreement 12.01.00). Therefore, when Defendant signed the Power of Attorney Agreement,

COMPLAINT
Case No.

Defendant became an Individual Employer binding Defendant to the terms of the Master Agreement. The Master Agreement incorporates the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), which require Defendant to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to the Bargained Entities more fully described in the Bargaining Agreements. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

11.    Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendant is required to pay certain contributions to the Operating Engineers' Vacation, Holiday & Sick Pay Trust Fund; Operating Engineers Annuity Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Construction Industry Force Account; Funding Improvement Plan; Assistance & Recovery Program, Inc.; Operating Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund; and Business Development Trust Fund (including the California Alliance for Jobs) (together referred to herein as "Bargained Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

12.    Under the Bargaining Agreement and Trust Agreements, which are incorporated into the Bargaining Agreement and made binding upon Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

COMPLAINT
Case No.

13.     The Bargaining and Trust Agreements further require Defendant to maintain time records or timecards and to permit an authorized Trust Fund representative to examine such records of Defendant as are necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

14.     Defendant has failed and refused to comply with an audit of its payroll records for the period from January 1, 2015 through December 31, 2018, (the "audit period").

15.     Defendant failed to pay its contribution balance from March of 2020 in the amount of $4,213.25. In addition to the principal amount, liquidated damages and interest are owed to Plaintiffs for the late-paid contributions for this period.

16.     Defendant failed to timely pay all contributions reported as due for work performed by their employees during the months April 2018 through November 2018, February 2019, April through December 2019, February 2020, and April 2020 through July 2020, incurring liquidated damages and interest that are owed to Plaintiffs for the late-paid contributions for this period.

17.     Plaintiffs are entitled to recover any and all other contributions, all liquidated damages and interest on delinquent contributions not specified above, that may be found due once the audit is complete, including estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due once the audit is complete, found due on timecards, further audit, or otherwise, including estimated contributions for any additional months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to expand the time period for review of the current audit or conduct a further audit to determine whether there are any additional amounts due from Defendant.

//

//

COMPLAINT
Case No.

**FIRST CAUSE OF ACTION**
**For Compliance with an Audit of their records and Payment of Delinquent Contributions,**
**Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

18.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

19.     Defendant has a contractual duty to timely provide reports of monthly amounts due and to pay the required contributions to Plaintiffs and the Bargained Plans, as well as to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements and Trust Agreements to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid to Plaintiffs, as well as to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

20.     Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21.     By refusing to permit an audit of records, Defendant breached the Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

22.     Defendant's failure and refusal to permit the audit and pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. This refusal is unjustified and done with knowledge and intent.

23.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss, and damage unless Defendant is ordered specifically to perform all obligations required from Defendant under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and Defendant should be restrained from continuing to refuse to perform as required thereunder.

24.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth herein above, ERISA Plaintiffs have a strong likelihood of success on the merits. ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries without all available remedies. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

//

COMPLAINT
Case No.

25.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

(a)     requiring Defendant to comply with their obligations under the terms of the Bargaining Agreements and the Trust Agreements, including permitting an audit of records as requested by Plaintiffs;

(b)     enjoining Defendant from violating the terms of the Bargaining Agreements and the Trust Agreements and of ERISA; and

(c)     enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

2.     For a judgment against Defendant as follows:

(a)     All unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant failed to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii.     To the Union in accordance with the Bargaining Agreements;

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c);

//

8

**COMPLAINT**
**Case No.**

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B);

3.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs;

4.     That the Court retain jurisdiction of this case pending compliance with its orders; and

5.     For such other and further relief as the Court may deem just and proper.

DATED: February 16, 2021                    SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____

Ana P. Hallmon
Attorneys for Operating Engineers' Health and
Welfare Trust Fund for Northern California, *et al*.

**COMPLAINT**
**Case No.**